IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:16CR205-2 |
| v. | ) | 1:16CR205-3 |
| | ) | 1:16CR205-4 |
| SHANNON MICHELLE DRAKE | ) | |
| RONALD KEITH EARNEST | ) | |
| ROBERT THOMAS TAYLOR | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This court notes that a number of motions remain pending on the docket. Additionally, with respect to motions which have been previously denied, this court finds it appropriate, sua sponte, to file a written order addressing those to either clarify this court's rulings from the bench or clarify the record for purposes of the trial scheduled to begin on April 30, 2018.

## I. Motion to Dismiss (Doc. 52)

Defendant Shannon Drake ("Drake") filed a Motion to Dismiss the Superseding Indictment for Insufficient Allegations. (Doc. 52.) That motion was filed prior to the return of a Superseding Indictment, (Doc. 85), which is currently the relevant indictment in this case. As a result, Drake's motion to dismiss, (Doc. 52), will be denied as moot.

## II. Motion to Quash Subpoenas (Docs. 126, 127)

This court previously addressed these motions in part during the course of a November 9, 2017 hearing on this matter. With respect to Motion to Quash Subpoenas Issued to James Medford by the United States and Ronald Keith Earnest, (Doc. 127), Mr. Medford did appear, (Tr. of Nov. 9, 2017 Hr'g (Doc. 135) at 20). The parties were permitted to interview Mr. Medford and proffer to the court any relevant information with respect to his potential testimony and the objection to his appearance raised in the motion to quash. (Id. at 22-24.) As a result of the agreed-upon proffer and the information tendered to the court, this court finds the motion to quash, (Doc. 127), should be denied as moot.

The remaining motion to quash addressed the subpoenas to individuals requesting testimony and documents. (Doc. 126.) As to the requested testimony, this court overruled the objections contained in the motion to quash and permitted the testimony of the individuals subject to any objections at that time from interested parties, including GrandSouth Bank (the "Bank") and Smith Moore Leatherwood ("Smith Moore"). (See generally Tr. of Nov. 9, 2017 Hr'g (Doc. 135).) That testimony is now completed under the procedure outlined herein, and this court finds the motion to quash, (Doc. 126), relating to testimony of individuals should be denied.

The motion to quash, (Doc. 126), also objected to the production of certain records. The objection to the subpoenas as overly broad or unduly burdensome is overruled. The objection to Smith Moore's invoices and the entries contained therein is overruled for the reasons outlined previously; those invoices have been disclosed. As to the objection to disclosure of any remaining documents as protected under the attorney-client privilege, that objection is sustained as this court has found those documents subject to an attorney-client privilege existing between the Bank, Drake, and Smith Moore. (Doc. 266.) As a result, those documents may not be disclosed by Smith Moore pursuant to the subpoenas absent the consent of the Bank and Drake. Any further issues relating to disclosure will have to be resolved by and between the United States, Drake and her counsel, the Bank, and the Bank's counsel, Nexsen Pruet. As a result, this court finds that Smith Moore's motion to quash should be granted in part as to any further disclosure of records except as may be required by the Bank and Drake.

### III. **Motions to Produce (Docs. 143, 218)**

Defendant Ronald Earnest ("Earnest") has filed a motion to produce documents, (Doc. 143), seeking production of IRS, FBI, and FDIC Case Reports, (id. at 1). While this court does not fully agree with the suggested conclusions that might be reached from an IRS Memo completed on October 27, 2017, (Def. Earnest's

Br. in Supp. of Mot. to Produce Documents, Ex. 1, Memorandum of Conversation (Doc. 144-1) at 1-2), this court finds the requested discovery overly broad and inclusive of matters and documents not required to be disclosed, see, e.g., Fed. R. Crim. P. 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent . . . ."). For this reason, Earnest's motion, (Doc. 143), will be denied.

Similarly, Defendant Drake's motion to compel discovery, (Doc. 218), is a request for production that is also overly broad and inclusive of records not generally subject to disclosure. Furthermore, as this court has found that Drake did at least meet the definition of the term "target" in 2013, the production of additional records on that subject is moot. Drake's motion, (Doc. 218), will therefore be denied.

**IV. Government Motions to Quash (Docs. 192, 211)**

The motions by the Government to quash certain subpoenas were addressed in open court prior to the hearings held on February 8, 2018 and on March 7, 2018. In summary, with respect to the objection to certain testimony lodged by the Government based upon the Government's regulations establishing the circumstances under which a federal employee may be compelled to testify or produce evidence as set forth in United States ex

rel. Touhy v. Ragen, 340 U.S. 462 (1951). During the course of these two hearings, this court permitted the calling of the Government witnesses but limited the testimony to those matters relevant to the limited purposes of the hearing. (Tr. of Mar. 7, 2018 Hr'g (Doc. 248) at 19.) As a result, this court granted in part and denied in part the motions to quash for reasons more fully addressed on the record.

**V. Motions to Dismiss – Multiplicity (Docs. 141, 154, 161, 168)**

Defendant Earnest filed a Motion to Dismiss Counts Three through Fourteen Based on Multiplicity. (Doc. 141.) Defendants Robert Taylor ("Taylor") and Drake joined in that motion. (Docs. 154, 168.) Following a hearing on March 8, 2018, this court denied the motions as filed pretrial, but without prejudice to further motion following the presentation of evidence. (Tr. of Mar. 8, 2018 Hr'g (Doc. 249) at 35-36.) In summary, this court is unable to determine, pretrial, whether the separately-charged counts were "planned or contemplated together" or whether they are "chronologically and substantively independent from the other acts charged as the scheme." See, e.g., United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000).

Defendant Drake's motion alleging duplicity and the insufficiency of the pleadings in the Superseding Indictment,

(Doc. 161), was also denied, (Tr. of Mar. 8, 2018 Hr'g (Doc. 249) at 35-37).

## VI. Motion to Dismiss – Venue (Docs. 155, 168)

Defendant Taylor moved to dismiss Counts Fifteen through Twenty-Seven of the Third Superseding Indictment because of improper venue. (Doc. 155 at 1.) Defendant Drake joined in that motion. (Doc. 168.)

This court heard and ruled on that motion during the March 7, 2018 motions hearing. (Tr. of Mar. 7, 2018 Hr'g (Doc. 248) at 181.) The motion was denied. (Id. at 199.) Nevertheless, after review of the transcript and this court's notes, this court writes to supplement the findings made from the bench, as some of those findings are not entirely clear.

Federal Rule of Criminal Procedure 18 requires, consistent with Article III of the Constitution, that the government "prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. "[V]enue is limited to the place where the essential conduct elements occur, without regard to the place where other essential elements of the crime occur[.]" United States v. Bowens, 224 F.3d 302, 309 (4th Cir. 2000). Each of counts Fifteen through Twenty-Seven charge a violation of 18 U.S.C. § 656, the elements of which include "the status of both bank and defendant, that the defendant acted willfully, that he misapplied funds, moneys, or credits

- 6 -

belonging to or intrusted to the custody of the bank and that he did so with the intent to injure or defraud the bank." United States v. Duncan, 598 F.2d 839, 858 (4th Cir. 1979).

Taylor alleges, relying upon United States v. Cabrales, 524 U.S. 1 (1998), that the misapplication of Bank funds occurred in South Carolina. (Doc. 156 at 4-5.) This court does not read the allegations quite so narrowly, as Counts Fifteen through Twenty-Seven incorporate by reference paragraphs one through seventy-five and seventy-seven. As described in those counts, the misapplication of funds appears to have been a complex series of transactions involving a North Carolina individual and businesses, (Doc. 85 at 2-3), and factoring agreements with those companies that were fraudulent, (id. at 17). The misapplication involved the wrongful transfer of funds from the Bank, apparently to an individual in North Carolina and to companies located in North Carolina. With respect to a pretrial motion to dismiss or transfer on venue grounds, the Superseding Indictment alleges activities taking place in North and South Carolina, and it appears to this court the misapplication may be deemed to have occurred upon transfer of funds to a business or businesses in North Carolina. The motion is denied on a pretrial basis, but subject to submission to the jury for determination as appropriate.

With respect to the requested transfer, this court considered the factors identified in Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240 (1964). Those factors are as follows:

(a) location of the defendant;
(b) location of witnesses;
(c) location of events likely to be in issue;
(d) location of documents and records;
(e) disruption of the defendant's business;
(f) expense to the parties;
(g) location of counsel;
(h) relative accessibility of place of trial;
(i) docket conditions in each district; and
(j) and other specific element which might affect the transfer.

United States v. Ferguson, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006). No specific factor is dispositive, and it is up to this court to balance and determine the factors of greatest importance. United States v. Stephenson, 895 F.2d 867, 875 (2d Cir. 1990).

All Defendants are located in South Carolina. Even though Defendants are located in South Carolina and therefore closer to courts in that district, this court does not find Defendants' location in South Carolina to be so far as to be unduly burdensome. Furthermore, while Defendants have pled not guilty and may very well be innocent, there is no dispute that they were able to conduct business in North Carolina with North Carolina businesses, suggesting travel for trial is not unduly burdensome. This factor supports but does not compel transfer.

While Taylor points to the location of his potential witnesses and documents as located in South Carolina, these factors do not substantially support a transfer. The majority of the records that will likely be used in the Government's case are now located in North Carolina and have been provided to Defendants. Obviously, the Bank and many of its records are located in South Carolina; however, the Bank has responded to requests for records and provided most of the requested records to this district. As a result, this court finds this factor supports transfer but not overwhelmingly so.

With respect to other factors such as disruption of defendant's business, expense to the parties, location of counsel, accessibility of place of trial, and docket condition of each district, this court finds those factors to neither support nor require transfer. With respect to any other special element that might affect the transfer and the location of events likely to be in issue, this court finds these factors substantially suggest transfer is not appropriate.

Many of the criminal acts alleged in this case occurred in North Carolina or have a substantial connection to North Carolina. In addition to the relationship of the staffing companies located in North Carolina to the facts of this case, Defendant Taylor is charged in a number of related counts in the Superseding Indictment which are properly brought and prosecuted

in this district, thus, the location of events in issue weighs substantially in favor of trial in North Carolina. Furthermore, this case was investigated and prosecuted in North Carolina for a significant amount of time prior to Defendant Taylor being named as a Defendant, such that significant court, prosecution, and defense resources have already been utilized and expended in this district.

**VII. <u>Motion to Consider (Doc. 201)</u>**

Defendant Earnest filed a motion asking that this court consider the Smith Moore invoices in determining whether Earnest had a reasonable belief that Smith Moore attorneys were acting as his individual attorneys. (Doc. 202 at 1.) This court has considered those materials and entered its findings and conclusions as those matters. (Doc. 252.) This motion will be denied as moot.

**VIII. <u>Motion for Bill of Particulars (Doc. 242)</u>**

On April 10, 2018, Defendant Drake filed a motion seeking an order requiring the Government to file a bill of particulars. (Doc. 242.) In summary, Drake alleges that "the Government's allegations in the indictment are so unclear and uncertain that Ms. Drake is unable to prepare her defense and faces a likelihood of prejudicial surprise during trial." (Doc. 243 at 2.) After careful review, this court finds this motion should be denied.

The court first finds this motion is not timely filed. Federal Rule of Criminal Procedure 7(f) provides that "the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The Superseding Indictment was filed on August 29, 2017, (Doc. 85), and Defendant Drake was arraigned on September 7, 2017, (see Minute Entry 09/07/2017). This court extended the pretrial motions deadline and ultimately set a final deadline of December 13, 2017. (Minute Entry 11/09/2017.) Federal Rule of Criminal Procedure 12(c) permits the court to set a deadline for filing pretrial motions, and Defendant Drake's motion for a bill of particulars, (Doc. 242), was filed almost four months following the pretrial motions deadline. The motion is not timely filed and will be denied for that reason alone.

A bill of particulars is intended "to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citations omitted). This court has carefully reviewed the Superseding Indictment and finds it to be extensive, alleging sufficient facts to enable Drake to prepare for trial. Defendant

Drake's motion for a bill of particulars is without merit and will be denied.

## IX. Conclusion

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Drake's Motion to Dismiss, (Doc. 52), is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Smith Moore's Motion to Quash Subpoenas, (Doc. 126), is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Smith Moore's Motion to Quash Subpoenas, (Doc. 127), is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Earnest's Motion to Produce, (Doc. 143), is **DENIED.**

**IT IS FURTHER ORDERED** that Drake's Motion to Compel Discovery, (Doc. 218), is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motions to Quash, (Docs. 192, 211), are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Earnest's Motion to Dismiss Counts Three through Fourteen on the basis of Multiplicity, (Doc. 141), which both Taylor, (Doc. 154), and Drake, (Doc. 161), joined, is **DENIED.**

**IT IS FURTHER ORDERED** that Taylor's Motion to Dismiss for Improper Venue, (Doc. 155), in which Drake joined, (Doc. 168), is **DENIED.**

**IT IS FURTHER ORDERED** that Drake's Motion to Dismiss for Insufficient Allegations and Duplicitous and Multiplicitous Charges, (Doc. 161), is **DENIED.**

**IT IS FURTHER ORDERED** that Earnest's Motion to Consider, (Doc. 201), is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Drake's Motion for Bill of Particulars, (Doc. 242), is **DENIED.**

This the 24th day of April, 2018.

_____
United States District Judge